# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| JUWAN GAINES LEIGH OWENS | § | |
| | § | |
| V. | § | A-19-CV-515-LY |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| MAJOR PENA, BRIAN MANLEY, and | § | |
| BETSY DEVOS | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

TO: THE HONORABLE LEE YEAKEL
UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court. Before the Court are Plaintiff's original and amended complaints. Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

## STATEMENT OF THE CASE

At the time he filed his original complaint pursuant to 42 U.S.C. § 1983, Plaintiff was confined in the Travis County Correctional Complex. According to Plaintiff, he was arrested by Austin Police Department officers on April 12, 2019. Plaintiff alleges he has been treated unlawfully by the Travis County Correctional Complex and the Austin Police Department. He seeks an unspecified amount of monetary damages for "infringing on [his] daily life."

After review of Plaintiff's complaint, Plaintiff was advised neither the Travis County Correctional Complex nor the Austin Police Department was an entity capable of being sued. Plaintiff was ordered to file an amended complaint, naming defendants capable of being sued. The Court ordered Plaintiff to state exactly what each defendant either did or failed to do while acting

under color of state law that violated Plaintiff's constitutional rights. On June 6, 2019, the Court received Plaintiff's purported amended complaint. However, Plaintiff's amended complaint is nonsensical and appears to be an attempt to satisfy his outstanding student loan balance with a "contract/bond in the amount of 100 million" dollars. Plaintiff also did not amend any of the parties he wished to sue. He did, however, add that he is seeking punitive damages.

On June 17, 2019, the Court received a subsequent pleading that also appears to be an amended complaint. This complaint is directed to the Federal Claims Court. In the amended complaint Plaintiff names as defendants the United States, Major Pena, Chief of Police Brian Manley, and Secretary of Education Betsy DeVos.

Although Plaintiff is a Travis County detainee, he claims federal officials violated his constitutional rights. Plaintiff additionally claims employees of the Austin Police Department and the Travis County Correctional Complex are holding him against his will without fair representation. even though Plaintiff admits he is represented by counsel in his pending state criminal cases. Plaintiff seeks "[e]ither compensation, debt dissolve, or immunity from the pilot program, or secure party access to U.S. Treasury Account from non profit secret society, lodges, churches, U.S. Department of Education."

DISCUSSION AND ANALYSIS

A. <u>Standard Under 28 U.S.C. § 1915(e)</u>

An in forma pauperis proceeding may be dismissed sua sponte under 28 U.S.C. § 1915(e) if the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from suit. A dismissal for frivolousness or maliciousness may occur at any time, before or after service of process and

before or after the defendant's answer. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986). When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as liberally as possible. *Haines v. Kerner*, 404 U.S. 519 (1972). However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

B. Defendants Pena and Manley

Section 1983 provides a cause of action to individuals whose federal rights have been violated by those acting under color of state law. *Doe v. Dall. Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). Section 1983 is not itself a source of substantive rights; rather, it merely provides a method for vindicating federal rights conferred elsewhere. *See Albright v. Oliver*, 510 U.S. 266, 271 (1994). In order to state a claim under Section 1983, a plaintiff must (1) allege a violation of rights guaranteed by the United States Constitution or federal law, and (2) demonstrate the alleged deprivation was committed by a person acting under color of state law. *Doe*, 153 F.3d at 215.

Plaintiff fails to allege any facts showing Defendants Pena or Manley did anything to violate his constitutional rights. This failure is fatal to his claims. *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987); *see also Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983) (observing "[p]ersonal involvement is an essential element of a civil rights cause of action"). "Supervisory officials are not liable under § 1983 for the actions of subordinates on any theory of vicarious liability"; they must have been "personally involved in the alleged constitutional deprivation or have engaged in wrongful conduct that is causally connected to the constitutional

3

violation." *Turner v. Lt. Driver*, 848 F.3d 678, 695–96 (5th Cir. 2017). Accordingly, Plaintiff's claims against Defendants Pena and Manley in their individual capacities should be dismissed.

To the extent Plaintiff sues Defendants Pena and Manley in their official capacities his claims are construed as if they were brought against Travis County and the City of Austin. But these claims should also be dismissed. A political subdivision cannot be held responsible for a deprivation of a constitutional right merely because it employs a tortfeasor; in other words a local government unit cannot be held responsible for civil rights violations under the theory of respondeat superior. *Johnson v. Moore*, 958 F.2d 92, 94 (5th Cir. 1992). The standard for holding a local government unit responsible under § 1983 requires that there be a custom or policy that caused the plaintiff to be subjected to the deprivation of a constitutional right. *Id.*; *Collins v. City of Harker Heights, Tex.*, 916 F.2d 284, 286 (5th Cir. 1990), *aff'd*, 503 U.S. 115 (1992). Thus, Travis County or the City of Austin would violate an individual's rights only through implementation of a formally declared policy, such as direct orders or promulgations or through informal acceptance of a course of action by its employees based upon custom or usage. *Bennett v. City of Slidell*, 728 F.2d 762, 768 (5th Cir. 1984). A single decision made by an authorized governmental decisionmaker to implement a particular course of action represents an act of official government "policy." *Pembaur v. Cincinnati*, 475 U.S. 469, 481 (1986). Plaintiff failed to identify a policy, practice or custom of Travis County or the City of Austin that caused a deprivation of his constitutional rights.

C. <u>Sovereign Immunity</u>

Plaintiff's claims against the United States are barred by the doctrine of sovereign immunity. *Correctional Servs. Corp. v. Malesko*, 534 U.S. 61, 71-72 (2001); *FDIC v. Meyer*, 510 U.S. 471, 486 (1994) (finding there is no direct cause of action for damages against a federal agency because of

4

sovereign immunity). Moreover, Plaintiff is not a federal prisoner, and the Bureau of Prisons has nothing to do with his current confinement. Accordingly, Plaintiff's claims against the United States are frivolous and should be dismissed without prejudice for want of jurisdiction.

    D.    <u>Betsy DeVos</u>

Plaintiff has failed to plausibly allege with sufficient specificity any claim against the Secretary of Education. Plaintiff alleges:

> I Designate As my 'natural living Person" Residing in Travis County, Texas Asserts Federal question Jurisdiction under 28 U.S.C. § 1331. 'a living person,' d/b/a, Department of Education . . . An unknowing Entity, Believed to Be Authorized to do business in are [sic] State of Texas.' Contract/Bond in the Amount of 100 Million to pay Department of Education, an agent believed to be acting for said Defendant in this cause or Action. . . the Defendants has dishonered [sic] And not accepted the contract/bond . . . The Defendant breached the contract/bond. The contract/bond is Backed by the Negotiable instrument Act, 1881, Public law 73-10, Chapter 48, Statue [sic] 112; U.S.C. 411; Securities Act 2(1), 3(a)(3); Congressional Statue [sic] At large, title 62; U.S. Supreme Court; and settlement in due terms Of the Uniform Commercial Code (DN1, compl.) There no appearing Bond, Contract or title record entered By Claiments [sic] to initiate the matter alleged By the U.S. Department of Education Regarding SSN [number redacted] I, issue this Bond to Discharge All debt in matters of SSN [number redacted] Dischargable [sic] to the U.S. Department of Education, as Mandated by Public Policy the Bureau of Public Debt in that no lawful money of Account.

Plaintiff's allegations are so implausible as to render his amended complaints frivolous. A claim is frivolous if it lacks "an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The former occurs when "indisputably meritless" legal theories underlie the complaint, and the latter when it relies on "fantastic or delusional" allegations. *Id.* at 327–28. Plaintiff's claims are nonsensical and predicated on allegations that rise to the level of being "irrational or wholly incredible" or "fantastic or delusional." Accordingly, his amended complaints fail to meet the facial plausibility standard such that they are legally frivolous.

5

## RECOMMENDATION

It is therefore recommended that Plaintiff's claims against the United States be dismissed without prejudice for want of jurisdiction and Plaintiff's remaining claims be dismissed with prejudice for failure to state a claim upon which relief can be granted or as frivolous pursuant to 28 U.S.C. § 1915(e).

It is further recommended that Plaintiff be warned that if Plaintiff files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, then he will be prohibited from bringing any other actions in forma pauperis unless he is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

In the event this Report and Recommendation is accepted, adopted or approved, it is recommended that the Court direct the Clerk to e-mail a copy of its order and judgment to the keeper of the three-strikes list.

## OBJECTIONS

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C). Failure to file written objections to the proposed findings and recommendations contained within this report within 14 days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996)(*en banc*); *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-277 (5th Cir. 1988).

SIGNED this 21st day of June, 2019.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE